#### UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF ALABAMA
#### WESTERN DIVISION

| | |
|---|---|
| HENRY BUTLER HANLEY, II, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case Number: 7:13-cv 00838-MHH-JHE |
| ) | |
| THE ATTORNEY GENERAL FOR THE ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

On February 26, 2016, the magistrate judge entered a report in which he recommended that Court deny Mr. Hanly's petition for writ of habeas corpus and dismiss the petition with prejudice. (Doc. 11). The magistrate judge advised Mr. Hanly that he had the right to file objections to the report and recommendations within fourteen days. (Doc. 11, p. 12). The Court received Mr. Hanly's objections on April 28, 2016, but Mr. Hanly signed the objections on March 8, 2016. (Doc. 12, p. 6). The Court has considered the merits of Mr. Hanly's opposition to the report and recommendation.[1]

When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §

---

[1] Mr. Hanly filed a notice in which he asserted that he mailed his objections within the 14 day objection period. (Doc. 13). The Court has assumed that Mr. Hanly filed his objections on time.

636(b)(1)(B)-(C).  The Court reviews *de novo* legal conclusions in a report and reviews for clear error factual findings to which no objection is made.  *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also LoConte v. Dugger,* 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).  A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

The Court has considered the record in this case, paying special attention to the report and recommendation and Mr. Hanly's opposition to that report.  The Court overrules Mr. Hanly's objections.  The Court finds no errors of law in the report, and the Court finds no factual errors either.

Therefore, the Court accepts the report and agrees with the magistrate judge's recommendation that the Court should dismiss the habeas corpus petition. The Court will enter a separate final order.

This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right."  28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that

"the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Mr. Hanly's claims do not satisfy either standard.

The Court advises Mr. Hanly that under Federal Rule of Appellate Procedure 22(b), he may seek a certificate of appealability from the Eleventh Circuit Court of Appeals. *See* Fed. R. App. P. 22(b)(1) ("If the district judge has denied the certificate, the applicant may request a circuit judge to issue it."); *see also* Fed. R. App. P. 22(b)(2) ("A request addressed to the court of appeals may be considered by a circuit judge or judges, as the court prescribes. If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals.").

**DONE** and **ORDERED** this September 20, 2016.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE